## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

2024 OCT 15 P 12: 12

Civil Action No. 2023-cv-11859

AMENDED COMPLAINT

IBRAHIM MOHAMMED

Plaintiff

JAGUAR LAND ROVER NORTH AMERICA, LLC,

Defendants

Pro Se Plaintiff, Ibrahim Mohammed alleges as follows:

1. On March 27, 2018, Pro Se, Plaintiff, purchased a 2014 Range Rover Sport with an odometer reading of 39,242 miles (Vin SALWR2WF1EA309803) from Jaguar Land Rover, Mt. Kisco NY for total price of Forty-Six Thousand, Three Hundred and Ninety-Eight Dollars ($46,398). Attached as **Exhibit B**

2. The Defendants fraudulently, intentionally, and negligently omitted Information about the vehicle being a subject of a class action lawsuit due to a defective timing chain that could potentially cause the engine to fail prematurely.

3. The Defendants failed to inform the plaintiff , prior to purchase or during The express warranty period that the engines primary chain assemblies were

defective and would fail, and cause significant damage to the engine shortly after the express warranty period expired.

4. The Defendants misrepresented by affirmative conduct and or by omission and fraudulent concealment the existence of defects in the timing chain assemblies and that there had been multiple significant subsequent primary chain assemblies modifications.

5. The Defendants owed a duty to disclose material defects in the vehicle but instead, concealed the fact that the vehicle they sold to the plaintiff was equipped with a defective timing chain belt tensioner that posed a significant safety hazard by causing the engine to prematurely malfunction and would require a substantial amount of money to repair. This is a violation of the New Jersey Consumer Fraud Act 56:8-2 and the F MAGNUSON-MOSS WARRANTY ACT.

6. The defendants provided the plaintiff with an express powertrain limited warranty of 4 years or 50,000 miles whichever occurs first, from the date the vehicle was first placed in service. Specifically covered by this powertrain-limited warranty were all internal engine parts including the engine chain assemblies. This warranty promises to repair or replace covered defective class engine components arising out of defects in materials and/or workmanship for a period of 4 years or 50,000 miles, whichever occurs first for non-commercial purchasers.

7. The defendants failed to remedy by replacement or repair the timing chain assemblies that were defective in materials and workmanship during the express

warranty period although these defects were known to the defendants at that time. See Defendant's Technical Bulletin dated May 19, 2015 attached as **Exhibit A**

8. The defendants breached the express and implied warranties and actively and affirmatively misrepresented, fraudulently concealed, and suppressed, both pre-sale and post-sale, the existence of defects in the vehicle and omissions in the accompanying owner's manual and warranty and maintenance materials.

9. The warranties accompanying the vehicle were procedurally and Substantively unconscionable under the Uniform Commercial Code § 2-30213 and New Jersey Consumer Fraud Act and warranty laws because of the disparity in the Bargaining power of the parties, the Plaintiff&#39;s lack of knowledge that the vehicle was defective and bargain with the defendants to increase durational warranties, the lack of knowledge, their unfair terms in the warranty (including but not limited to durational warranties that unfairly favored the defendants particularly where there were vehicle defects known only to the defendants and the warranty unfairly shifted repair costs to consumers when class vehicles prematurely fail during their reasonably expected life).

10. On December 5, 2020, while the vehicle had 71,769 miles, the Defendants performed the recommended and scheduled 75,000 maintenance and gave the vehicle a clean bill of health but barely three months later, on March 4, 2021, the vehicle was returned to the Defendants' facility with a complaint of unknown rattling noise coming from the engine and the Defendants feigned ignorance of the cause of the noise, despite their Technical Bulletin. Attached as **Exhibit C**

11. On or around December 2021, Plaintiff's vehicle suddenly stalled while In operation on the highway and had to be towed to the nearest Mechanic workshop for diagnostics. It was discovered that the timing chain tensioner had failed and caused serious damage to the engine. Failure mileage was 76,208.

12. On or around January 2022, the vehicle was towed to the defendant's Parsippany NJ location where a repair estimate cost of $31,273.96 was given to the plaintiff. Attached as **Exhibit D.**

13. The plaintiff reasonably expects the vehicle to function well in excess of the durational warranties before requiring extensive expensive repairs. This is particularly true because the plaintiff was led to believe by the defendants' representations and typical consumer expectations in a commercial context that the useful expected life of the vehicle was in excess of 150,000 miles and there was no scheduled inspection or maintenance for the chain assemblies within this period.

14. The defendants knew or should have known that the defects in the Vehicle components would cause certain expensive repair failures within one-half of the useful expected life of the vehicle. The defendants artificially limited the duration of the warranty period to avoid performing warranty repairs in order to maximize profits through the sale of defective vehicles.

15. The durational limitation of the express warranties accompanying the Vehicle is unreasonable and unconscionable since the defendants actively

concealed known vehicle defects and issued incorrect maintenance recommendations and maintenance intervals. The plaintiff had no notice of or ability to detect the defects.

16. At the time of purchase, the defendants fraudulently omitted to disclose material matter regarding the defects in the vehicle, including their impact on future repairs, costs, and vehicle reliability. The defendants fraudulently concealed from the plaintiff the defects in the vehicle even though the defendants knew or should have known that information concerning these defects was material and central to the marketing and sale of the vehicle to the plaintiff.

17. The defendants are persons within the context of the consumer Protection laws of New Jersey together with all other states and committed wrongful conduct described in this complaint including conduct that caused ascertainable financial harm and/or economic loss to the plaintiff in violation of the New Jersey Consumer Fraud Act.

18. The wrongful conduct of the defendants in violation of the consumer protection laws of New Jersey together with all other states occurred within the limitations period set out in the respective statutes and/or the limitations period is tolled by the defendants' conduct.

19. Material information concerning the vehicle was concealed and/or actively suppressed in order to protect the defendants' corporate profits from loss of sales, purchase refunds, warranty repairs, adverse publicity, and limit brand

disparagement. The plaintiff believed they were obtaining vehicles as having different attributes than described and purchased and were accordingly deprived of economic value and paid a price premium for the vehicle. The defendants had a uniform policy of not properly disclosing class vehicle defects in order to promote sales and increase profits as described in this complaint.

20. Additional information supporting allegations of fraud and fraudulent conduct is in the control of the defendants. This information includes but is not limited to technical root cause analyses, communications with vehicle owners, remedial measures, warranty claims and internal corporate communications concerning how to deal with consumers who claim that their engines' chain assemblies were defective.

21. The defendants (and particularly the sales and marketing executives at Land Rover dealerships, advertised and otherwise created the reasonable expectation (including but not limited to scheduled class engine maintenance recommendations to 150,000 miles) that the vehicles would last over 150,000 miles or ten years before experiencing chain assembly failure.

22. Material information was fraudulently concealed and/or actively suppressed in order to protect the defendants' (and authorized vehicle dealers') corporate profits from loss of sales from adverse publicity, to reduce warranty repair costs and to limit Land Rover's brand disparagement.

23. As a proximate and direct result of the defendants' unfair and deceptive business trade practices, plaintiff purchased a defective vehicle from the defendants and sustained an ascertainable loss, including but not limited to financial harm as described in this complaint in excess of $50,000.00

## RELIEF DEMANDED:

Wherefore, the plaintiff request:

(a). Monetary judgement for the plaintiff against the defendants

(b). Damages for the plaintiff, including but not limited to multiple damages, together with interest, prejudgment interest plus costs

(c). Any other relief deemed just and proper by the Court.

Dated this 16th day of April, 2024

Ibrahim Mohammed

Pro Se